Andrés Sosa Reyes y Carmen González, demandantes y apelante el primero, *v.* José Fidalgo Díaz, demandado y apelado.

Núm. 7611.—*Sometido:* Enero 17, 1938. *Resuelto:* Enero 28, 1938.

*E. H. F. Dottin,* abogado del apelante; *Federico García Veve,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El demandado y apelado, José Fidalgo Díaz, solicita la desestimación de este recurso por los siguientes fundamentos:

"1. Porque la apelación en este caso no ha sido perfeccionada conforme a las disposiciones del artículo 299 del Código de Enjuiciamiento Civil de Puerto Rico (ed. 1933).

"2. Porque las prórrogas concedidas en este caso para la radicación de la exposición del caso son nulas por ser la primera supuesta prórroga concedida indefinida.

"3. Porque desde la radicación del escrito de apelación a esta fecha van cerca de unos cinco meses y aún el apelante no ha radicado en esta Hon. Corte Suprema la exposición del caso ni el legajo de sentencia a los fines de su apelación, no obstante las prórrogas concedídasle, contrario a las disposiciones del artículo 299, supra, y de las reglas 59 y 60 de esta Hon. Corte Suprema."

Veamos los hechos, que están debidamente certificados por el secretario de la corte inferior. El día 4 de diciembre de 1936 la Corte de Distrito de San Juan dictó sentencia en el caso de autos y el 18 de junio de 1937 declaró sin lugar una moción de reconsideración radicada por el apelante, quien el 19 de julio de 1937 apeló de ambas, o sea de la sentencia del 4 de diciembre y de la resolución del 18 de junio, para ante este Tribunal Supremo. Diez días después,

el 29 de julio, pidió que se ordenara al taquígrafo que transcribiera las notas taquigráficas por serle necesarias para preparar una exposición del caso, que fué el método elegido por él para perfeccionar su apelación. Así lo ordenó la corte el 2 de agosto de 1937. El día 31 de ese mismo mes, acudió de nuevo el apelante ante la corte inferior solicitando una prórroga de treinta días contados desde el 2 de septiembre de 1937, prórroga ésta que le fué negada por haberse solicitado fuera de término. Así las cosas, el 23 de septiembre de 1937 compareció el apelante ante esta Corte Suprema solicitando un nuevo término para preparar y radicar en la corte de distrito la exposición del caso. A pesar de la oposición del apelado se le concedió por resolución del 4 de noviembre de 1937 un término de treinta días a contar del 23 del mes anterior. A partir de esa fecha, el apelante ha seguido pidiendo prórrogas a la corte inferior, habiéndose concedido la última de treinta días el 20 de diciembre de 1937.

Argumentando su primer fundamento de desestimación dice el apelado que como el apelante optó por una exposición del caso para perfeccionar la apelación que interpuso el 19 de julio de 1937, no debió limitarse a pedir a la corte el 29 de julio que ordenara al taquígrafo transcribir sus notas taquigráficas, pues según el artículo 299 del Código de Enjuiciamiento Civil, su deber era radicar el pliego de excepciones y exposición del caso, o solicitar prórroga para ello, efecto este último que no tiene la orden de la corte de fecha 2 de agosto de 1937.

En cuanto al segundo fundamento, dice que, aun asumiendo que la referida orden del 2 de agosto de 1937 equivalga a una prórroga para radicar la exposición del caso, la misma sería nula, por indefinida, puesto que no se fija en ella término alguno dentro del cual debía el taquígrafo cumplir lo ordenado. Siendo ello así, dice el apelado, son nulas las prórrogas subsiguientes concedidas tanto por la corte inferior como por este tribunal.

No tiene razón el apelado. El día 4 de noviembre de 1937 esta Corte Suprema concedió al apelante un nuevo término, que según certificación del secretario de la Corte de Distrito de San Juan, aún el 22 del mes actual estaba vigente por prórrogas subsiguientes. Este nuevo término, como es natural, subsanó cualquier error que con anterioridad a su concesión cometiera el apelante al solicitar prórrogas para tramitar su apelación.

Como lo que este tribunal concedió fué un nuevo término y no una prórroga, como dice el apelado, su razonamiento en apoyo del segundo fundamento de desestimación carece en absoluto de méritos.

Por último, y en relación con el tercer fundamento aducido por el apelado para que se desestime la apelación, bastará decir que la Regla 59 del Reglamento de este tribunal requiere que se pruebe "satisfactoriamente que el apelante no ha proseguido su apelación con la diligencia debida o de buena fe," para que en el ejercicio de nuestra discreción desestimemos una apelación. El apelado ni siquiera ha intentado esto.

*Debe declararse sin lugar la moción de desestimación.*

El Juez Asociado Señor Córdova Dávila no intervino.